IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO.  16-51419 |
| COWBOYS FAR WEST, LTD., | § | |
| DEBTOR(S) | § | CHAPTER  11 |

| | | |
|---|---|---|
| COWBOYS FAR WEST, LTD., | § | |
| PLAINTIFF | § | |
| | § | |
| VS. | § | ADVERSARY NO._____ |
| | § | |
| EVERBANK FINANCIAL CORPORATION | § | |
| AND BUSINESS PROPERTY LENDING, | § | |
| INC., | § | |
| DEFENDANTS | § | |

**<u>COMPLAINT</u>**

TO THE HONORABLE RONALD B. KING, CHIEF UNITED STATES BANKRUPTCY JUDGE:

Debtor-Plaintiff, COWBOYS FAR WEST, LTD. ("Debtor" or "Cowboys") files this Complaint against EVERBANK FINANCIAL CORPORATION ("Everbank") and BUSINESS PROPERTY LENDING, Inc. ("BPL") (collectively "Defendants") and would respectfully show the Court as follows:

I.

JURISDICTION AND VENUE

1.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C..§157 as all causes of action herein either arise in or are related to the above-captioned bankruptcy case.

1

2.     This Adversary Proceeding consists of core claims related to the Debtor.  Plaintiff consents to final judgments being entered by the Bankruptcy Court in this case for all non-core claims.

3.     This Court has jurisdiction over the subject matter of this adversary proceeding pursuant to 28 U.S.C. §1334(b) and 28 U.S.C. §157.

4.     Venue is proper in this Court pursuant to 28 U.S.C. § 1409, as this cause is related to a proceeding arising under Title 11 and said Title 11 proceeding was filed in this Court.

## II.

## THE PARTIES

5.     Debtor-Plaintiff, COWBOYS FAR WEST, LTD. is a limited partnership duly organized and existing under the laws of the State of Texas, having an office and principal place of business at 3030 NE Loop 410, San Antonio, Bexar County, Texas 78218.

6.     Defendant, EVERBANK FINANCIAL CORPORATION is a Florida corporation with its principal office at 301 W. Bay Street, Jacksonville, Florida 32202 and is not registered to conduct business in the State of Texas.  Pursuant to the Federal Rules of Bankruptcy Procedure, said Defendant may be served by mailing a copy of the Summons and this Complaint by certified mail, postage pre-paid to Service of Process, Secretary of State, P.O. Box 12079, Austin, TX 78711-2079.

7.    Defendant, BUSINESS PROPERTY LENDING, INC., is a wholly owned subsidiary of EVERBANK FINANCIAL CORPORATION, and is a Delaware corporation duly authorized to conduct business in the State of Texas.   Pursuant to the Federal Rules of Bankruptcy Procedure, said Defendant may be served by mailing a copy of the Summons and this Complaint by certified mail, postage pre-paid to its registered agent for service of process who is:  CORPORATION SERVICE COMPANY d/b/a CSC-LAWYERS INCORPORATING SERVICE COMPANY, 211 E. 7th Street, Austin, Texas 78701-4234.

III.

NATURE OF SUIT AND STATEMENT OF FACTS

8.   On December 21, 2007, Plaintiff, COWBOYS FAR WEST, LTD., executed a Promissory Note in favor of GE Capital in the principal amount of $5,000,000.00.  The $5,000,000.00 loan was also secured by a Deed of Trust upon the real property located at 3030 NE Loop 410, San Antonio, Bexar County, Texas 78218.  Subsequently the note and deed of trust were assigned to the Defendant, BUSINESS PROPERTY LENDING, LLC.

9.   On March 15, 2016, Eric M. English, Porter Hedges, LLP, counsel for BUSINESS PROPERTY LENDING, INC., sent a letter to the Plaintiff advising of a notice of default, demand for cure, and notice of intention to accelerate.  In that correspondence, Mr. English advised that BUSINESS PROPERTY LENDING, INC., was the holder of the Note and Deed of Trust at that time.

10.  On May 10, 2016, the Defendant, EVERBANK FINANCIAL CORPORATION, sent a letter to Plaintiff, advising that it was the successor in interest to the rights of  the original lender originating loan (GE Capital) and advising of a notice of acceleration of the aforementioned $5,000,000.00 Promissory Note.

11. Then, on June 13, 2016, a Notice of Substitute Trustee's Sale was issued by BUSINESS PROPERTY LENDING, INC., advising the Plaintiff of an intended foreclosure to be conducted on Tuesday, July 5, 2016.  It is not logical or consistent that both Defendants are the holder of the promissory note and beneficiary of the deed of trust at the same time.

IV.

CAUSES OF ACTION

**A.   Breach of Contract**

12.  Plaintiff restates the averments contained in Paragraphs 1-11 in full and verbatim as set forth above.

13.  The Plaintiff has at all times complied with the contract and is not material default.  At the time of the posting of foreclosure, the Plaintiff was current on its debt obligation, all ad valorem taxes were paid in full and the property was properly insured.  As such, the Defendants have breached the contract.  By this cause of action, Plaintiff seeks to recover from Defendants actual damages plus costs, interest and attorney's fees.

**B.  Wrongful Acceleration of Note and Wrongful Posting of Foreclosure**

14.  Plaintiff restates the averments contained in Paragraphs 1-13 in full and verbatim as set forth above.


15.  It is inconsistent that both entities could post the property for foreclosure.  EVERBANK FINANCIAL CORPORATION gives a notice of intent to accelerate stating that it is the current holder of the Note, and then on the other hand, BUSINESS PROPERTY LENDING, INC states just the opposite saying that it is the holder of the Note.  By this cause of action, Plaintiff seeks to recover from Defendants, actual damages, plus costs, interest and attorney's fees.

**C.  Breach of the Implied Covenant of Good Faith and Fair Dealing**

16.  Plaintiff restates the averments contained in Paragraphs 1-15 in full and verbatim as set forth above.

17.  Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement. This implied covenant of good faith and fair dealing requires that no party will do anything that will have the effect of impairing, destroying, or injuring the rights of the other party to receive the benefits of their agreement. The covenant implies that in all contracts each party will do all things reasonably contemplated by

the terms of the contract to accomplish its purpose. This covenant protects the benefits of the contract that  the parties reasonably contemplated when they entered into the agreement.

18.  The Defendants enjoyed substantial discretionary power affecting the rights of Plaintiff during the events alleged in this Complaint. They were required to exercise such power in good faith.

19.  The  Defendants  engaged  in  such  conduct  to  drive Plaintiff into foreclosure so that they could acquire the Subject Property with its large equity at a bargain basement price. These actions were a bad faith breach of the contract between Plaintiff and  the  Defendants  which  show  that  they  had  no  intention  of performing the contract, consisting of the original note and deed of trust, in good faith.

21.  As a result of the Defendants' breaches of this covenant, Plaintiff has suffered general and special damages in an amount to be determined at trial.

V.

PRAYER

WHEREFORE, Plaintiff COWBOYS FAR WEST, LTD., prays that this Court:

1.  Enter judgment against all Defendants on all claims for relief including actual damages, costs, interest, and attorney's fees; and

2.  Grant Plaintiff such  other and further relief,  both and

6

law and in equity, to which it may show itself justly entitled.

Respectfully submitted,

WILLIS & WILKINS, L.L.P.

BY:  /s/James S. Wilkins
     JAMES S. WILKINS
     Attorney for Debtor/Plaintiff
     711 Navarro Street, Suite 711
     San Antonio, Texas 78205-1711
     Telephone: (210) 271-9212
     Facsimile: (210) 271-9389
     State Bar No. 21486500